## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LANCE DIXON, | DOCKET NUMBER |
| Appellant, | AT-315H-24-0187-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE: January 6, 2025 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lance Dixon, Clarkston, Georgia, pro se.

Andrew Greene, Esquire, Javon Coatie, Esquire, and Sundrea Richardson, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The settlement agreement reflects, among other things, that the agency agreed to waive the entirety of the appellant's bill for a negative leave balance that was established at the time of his separation from the agency. Initial Appeal File (IAF), Tab 21 at 4. On review, the appellant requests that the agency produce evidence of the bill, or else he will consider the settlement agreement invalid because it would show that the agency misled him into signing it under false pretenses; in which case, he believes he should then either be granted a new appeal or a new settlement. Petition for Review (PFR) File, Tab 1 at 3. The appellant is essentially asking the Board to set aside the settlement agreement as invalid and reinstate his appeal or grant him a new settlement if the agency does not provide the relevant proof. Thus, as he is questioning the validity of the settlement agreement, his arguments are properly considered as a petition for review of the initial decision, which dismissed the appeal as settled. *See Weldon v. Department of Veterans Affairs*, 119 M.S.P.R. 478, ¶ 5 (2013).

A settlement agreement is a contract and may be set aside or voided only based on certain limited grounds, including fraud, misrepresentation by the agency, bad faith, or a mutual mistake of material fact under which both parties acted. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶¶ 12-13 (2010); *Hazelton v. Department of Veterans Affairs*, 112 M.S.P.R. 357, ¶ 11 (2009). A mistake of fact is material if it involves a "basic assumption" underlying an agreement. *As'Salaam v. U.S. Postal Service*, 65 M.S.P.R. 417, 421 (1994) (quoting *Hartle v. United States*, 22 Cl. Ct. 843, 847 (1991)). To have an enforceable contract, there must be consideration, i.e., a performance or a return promise that must be bargained for and does not involve performance of a preexisting duty. *See Black v. Department of Transportation*, 116 M.S.P.R. 87, ¶ 17 (2011).

On review, the agency has provided a copy of the bill for negative leave balance, which is a demand notice for payment of $486.39 issued by the agency to the appellant on March 1, 2024, just as the appellant described in his petition for review.[2] PFR File, Tab 1 at 3, Tab 3 at 27-31. This verifies that the parties were not mistaken about a material fact in existence at the time of the settlement agreement. *See As'Salaam*, 65 M.S.P.R. at 422. The parties entered into the settlement agreement under the basic assumption that the appellant owed a debt that the agency needed to waive.[3] We find no mutual mistake was made

---

[2] It appears that the agency untimely filed its response to the petition for review by 5 days. PFR File, Tabs 2-3. The issue of the untimeliness was not raised by the appellant, nor has he replied in any way. The evidence attached to the agency's response to the petition for review responds to issues the appellant particularly raised on review: he asked the Board to compel the agency to provide a copy of the bill at issue and referenced email communications he had with an agency official concerning the bill. In these circumstances, we have considered this evidence.

[3] The agency's representative has indicated that the debt itself may have been based on a mistaken charge of leave. PFR File, Tab 3 at 6, 23. The basis of the debt is not a material issue of fact. Even if the agency's mistake led to an accrual of the debt, it was still a bill that had accrued. Therefore, on this score, there has been no mutual mistake of material fact. Additionally, there is no evidence of bad faith, fraud, or misrepresentation involved here. *See Vance*, 114 M.S.P.R. 679, ¶¶ 12-13.

regarding this basic assumption. Further, there is no evidence that the parties acted under fraud, misrepresentation, or bad faith. With the agency indicating that by June 4, 2024, it would have waived the debt, PFR File, Tab 3 at 6, we conclude that the appellant has not shown any reason for setting aside the settlement agreement in this matter and that the settlement agreement is valid.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.